AO 472 Order of Detention Pending Trial

# United States District Court
## WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>V.<br>**DANIEL CARR** | **ORDER OF DETENTION<br>PENDING TRIAL**<br><br>Case Number: 1:15-CR-114 |

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C.§3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

    ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

    ☐ an offense for which the maximum sentence is life imprisonment or death.

    ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

    ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

    ☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq

    ☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is a pimp, according to the testimony presented by the government. He takes girls around the country to provide escort services.

Defendant is a drug dealer, paying heroin-addicted females to smuggle tens of grams of heroin in condoms in their body cavities, from Chicago to West Michigan. The amounts of heroin can range from 40 to 66 grams. He pays the girls a couple hundred dollars for heroin worth $8,000 to $10,000 on the street. (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that

no condition or combination of conditions will assure the presence of the defendant for future court proceedings and I find by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community, based upon defendant's failure to rebut the presumption. On the strength of this record, I make the same findings without reliance upon the presumption. Defendant's ongoing smuggling of hard drugs and (continued on attachment)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: July 14, 2015

/s/ Hugh W. Brenneman, Jr.
_____
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 et seq. ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 et seq. ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. **DANIEL CARR**
1:15-CR-114
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B) - (continued)**

Defendant uses multiple aliases, to the extent of serving jail time under both his own name (various spellings) and his brother's name.  Defendant has four dates of birth associated with his name and five different social security numbers.

Defendant has five failures to appear on his record.

Defendant has a lengthy criminal record dating back to age 15.  He was apparently charged with two counts of murder at age 17 under the name David Allen but was found not guilty.  At age 31, defendant was charged with four counts of armed robbery which appears to have been plead down to larceny from a person.  According to the PSR, the defendant committed a robbery at gunpoint at a KFC with his brother.  He was sent to prison and subsequently paroled; while on parole he incurred violations for absconding, use of marijuana, failing to complete counseling, driving without a license, assault, and use the alcohol.

There have been numerous driving violations, which may be why defendant recruits women to transport drugs for him.

Defendant has no legitimate source of income, but if he fled he would readily be able to support himself through the methods practiced above.

Defendant has no permanent residence, living alternatively between the homes of his girlfriend and the mother of one of his children (defendant has six children by four women; all are grown except for one who is 16, and one who is 6 that resides with the mother in Battle Creek).

Defendant consumes alcohol and marijuana daily.

**Part II - Written Statement of Reasons for Detention - (continued)**

corruption of women to accomplish this make him both a danger to the women he uses as mules and to the community generally.  His lengthy criminal record indicates he has no regard for the law.